UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                      :

PERRIGO NEW YORK, INC.,             :
                      Petitioner,    :       21 Civ. 10400 (LGS)
                                        :
          -against-            :       **OPINION AND ORDER**
                                        :

INTERNATIONAL BROTHERHOOD OF    :
TEAMSTERS LOCAL UNION 210,     :
                     Respondent.  :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Petitioner, Perrigo New York, Inc., seeks confirmation of an arbitration award issued

July 23, 2021 (the "Award") pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9

U.S.C. § 9, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.

§ 185 *et seq*.  Respondent, International Brotherhood of Teamsters Local Union 210 (the

"Union"), participated in the arbitration, but did not appear in this action and did not oppose

the Verified Petition to Confirm Arbitration Award (the "Petition").  For the following

reasons, the Petition is granted in part.

## I.      BACKGROUND

      The following undisputed facts are derived from the Petition and attached exhibits.

      Petitioner and the Union are parties to a collective bargaining agreement (the

"Agreement").  The Agreement contains a grievance and arbitration procedure.  According to

Article 11 of the Agreement, if a dispute is not adjusted by the Union and the Petitioner within

20 days, then the matter shall be submitted for arbitration.  The decision of the arbitrator shall be

final and binding and may be enforced in court.  All grievances must be submitted in writing

within five business days of the "event triggering the grievance."

      In September 2018, the parties entered into a Memorandum of Agreement that set

forth the terms and conditions of a new, four-year collective bargaining agreement, which included revised vacation scheduling provisions.  A dispute arose between the parties when the Petitioner implemented a new vacation scheduling system that was first come, first serve compared to the prior system, which was based on seniority.  In December 2019, Petitioner notified the Union that the new system would be implemented effective January 1, 2020.  As soon as the new system was implemented, Union Business Agent Lydia Torres began receiving complaints from employees.  On August 18, 2020, the Union filed a grievance about the first come, first serve system.  On December 8, 2020, the Union filed a Demand for Arbitration with the American Arbitration Association.

On April 9, 2021, the parties and their counsel appeared at a hearing before Arbitrator Bonnie Siber Weinstock (the "Arbitrator").  On July 23, 2021, the Arbitrator issued the Award dismissing the Union's grievance.  The Arbitrator determined that the Union's grievance was not arbitrable because the Union failed to file the grievance within five business days of the triggering event, as required by the Agreement.  The Arbitrator stated that the five-business-day period ended in January, when the system was first implemented and when the Union had received complaints about it, yet the Union did not file a grievance until August 2020.

On December 6, 2021, Petitioner filed the Petition and commenced this action to enforce the Award.  The Union waived service on December 22, 2021.  The Union did not timely file an answer, which was due on February 21, 2022.

## II.    STANDARD

Under the FAA, a party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court "must grant . . . unless the award is vacated, modified, or

corrected." 9 U.S.C. § 9.  "Section 301 of the LMRA specifically provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Manzo*, No. 21 Civ. 504, 2021 WL 3082291, at *2 (S.D.N.Y. July 20, 2021) (internal quotation marks omitted).  Generally, a district court should treat an unanswered petition to confirm or vacate an arbitration award "as an unopposed motion for summary judgment."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, &Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Piccini MNM, Inc.*, No. 19 Civ. 5258, 2021 WL 1791591, at *2 (S.D.N.Y. May 5, 2021).

Although a summary judgment standard is applied to a petition to confirm, a federal court's review of labor arbitration awards is "narrowly circumscribed and highly deferential."  *ABM Indus. Grps., L.L.C. v. Int'l Union of Operating Eng'rs, Loc. 30, 30A, 30B, AFL-CIO*, 968 F.3d 158, 161 (2d Cir. 2020).  "We may not review the arbitrator's decision on the merits, but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement."  *Id.* (internal quotation marks omitted).  "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."  *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constrs., L.L.C.*, 804 F.3d270, 275 (2d Cir. 2015) (alteration in original); *accord Stronington Capital Advisors, LLC v. Southfield Capital, LLC*, 20 Civ. 6053, 2021 WL 1168237, at *4 (S.D.N.Y. Mar. 25, 2021).  The award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial

justice." *Nat'l Football League Mgmt. Council v. Nat'l Football LeaguePlayers Ass'n*, 820

F.3d 527, 537 (2d Cir. 2016) (internal quotation marks omitted); *accord Dist. Council No. 9*

*Int'l Union of Painters & Allied Trades, AFL-CIO v. Speedo Corp*,, 21 Civ. 4780, 2022 WL

392909, at *2 (S.D.N.Y. Feb. 9, 2022).

## III.    DISCUSSION

### A.  Confirmation of the Arbitration Award

The Petition is granted because no genuine issues of material fact exist in this case.  Here,

the Union entered into the Agreement, which requires Petitioner to pay wages and benefits to its

employees and provides for arbitration to settle any related disputes between the parties.  Both

parties participated in the arbitration proceedings, and the Award was entered against the Union.

The Union has since failed to oppose the Petition.

Article 11 of the Agreement clearly states that a grievance must be filed within five

business days of the triggering event, and here, the Union waited seven months after the new

system was implemented to file a grievance.  The record supports the Arbitrator's finding that

the grievance was untimely.  The Arbitrator applied the terms of the Agreement and acted within

the scope of her authority.  The Petitioner, therefore, is entitled to confirmation of the Award.

*See Nat'l Football League*, 820 F.3d at 537; *N.Y.C. Dist. Council of Carpenters Pension Fund,*

*Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. and Indus.*

*Fund v. Vista Eng'g Corp*., 19 Civ. 5280, 2021 WL 4077943, at *3 (S.D.N.Y. Sept. 7, 2021)

(confirming arbitration award brought under LMRA § 301 where defendant did not oppose the

petition and the record supported the arbitrator's findings); *Trs. for the Mason Tenders Dist.*

*Council Welfare Fund v. DCM Grp., L.L.C.*, No. 13 Civ. 1925, 2017 WL 384690, at *4

(S.D.N.Y. Jan. 25, 2017) (same).

**B.  Attorney's Fees and Costs**

Petitioner requests the costs of the suit incurred, but has not provided any basis or details to support its request.  Absent statutory authority to grant attorney's fees and costs, the court can "exercise its inherent equitable powers to award attorney's fees to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Piccini MNM*, 2021 WL 1791591, at *3 (internal quotation marks omitted).  When contemplating a petition to confirm an arbitration award, "attorney's fees and costs may properly be awarded 'when a [party] refuses to abide by an arbitrator's decision without justification.'" *Trs. of Dist. Council No. 9.*, 2022 WL 604678, at *3 (alteration in original) (quoting *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).  Unlike other cases where attorney's fees and costs were awarded, here the Award does not require any affirmative obligation from the Union, and there is no evidence that the Union has not complied with the Award.  *See, e.g.*, *Rong De Invs. Ltd. v. GFS Invs., Inc.*, No. 17 Civ. 5941, 2019 WL 5682894, at *1 (S.D.N.Y. Nov. 1, 2019) (partially granting request for attorney's fees and costs where the respondent "did not abide by the final arbitration award and failed to participate in [the] action").  Accordingly, Petitioner's request for attorney's fees and costs is denied.

**IV.   CONCLUSION**

For the foregoing reasons, the Petition is **GRANTED** in part.  The Clerk of Court is respectfully directed to close the case.

Dated:  April 4, 2022
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**